LEMUEL COFFIN AND OTHERS, APPELLANTS, *v.* GEORGE H. GOURLAY, RESPONDENT.

*A debtor imprisoned for fraudulently disposing of property, is not entitled to a discharge on compliance with Rev. St., part 2, chap. 5, tit. 1 of art. 6.*

A debtor who has been imprisoned for removing and disposing of his property, with intent to defraud his creditors, is not entitled to a discharge under the provisions of the Revised Statutes relating to voluntary assignments.

APPEAL from an order discharging George Gourlay, an imprisoned debtor, from imprisonment on his petition under part 2, chapter 5, title 1, article 6 of the Revised Statutes.

*H. G. Hull,* for the appellants.

*Richard S. Newcombe,* for the respondent.

BRADY, J.:

The defendant in this case, upon the commencement of the action, was arrested under and by virtue of an order, in which the ground of arrest was stated that the defendant had removed and disposed of his property with the intent to defraud his creditors; but, disregarding that circumstance as a controlling one, we have examined the proofs taken in this proceeding · bearing upon the question, and are satisfied that the fraudulent disposition charged

was made, and this conclusion renders the decision of this appeal comparatively easy. In *The Matter of Walter Brady* (69 N. Y. R., 215), an imprisoned debtor, it was declared that such a debtor is not entitled to his discharge, under the provisions of the Revised Statutes relating to voluntary assignments, and which were resorted to by the defendant herein. The Court of Appeals, in pronouncing the judgment, said that this construction of the statute might lead in some case to unlimited imprisonment, but that it had nothing to do but to construe the law and enforce it as it was; they had no power to abrogate it, or soften its hard features.

We do not possess such power, and therefore, if this was a case in which upon all the facts the defendant was entitled to a lenient consideration, it would be impossible to extend it to him. The decision of the court of last resort has defined our duty, which is to reverse the order made below.

Ordered accordingly.

DAVIS, P. J., and BARRETT, J., concurred.

Order reversed.